MANDED FOR FURTHER PROCEED-
INGS.

Jack B. FUREY, husband; Nancy J. Fu-
rey, wife; Louis F. Racine, Jr.; Jean
Racine and Louis F. Racine, Jr. Trust,
Louis F. Racine, Jr., Trustee; Louis F.
Racine, Jr. and Janell Racine Trust,
Louis F. Racine, Jr., Trustee, Plain-
tiffs—Appellants,

v.

UNITED STATES of America; Ann M.
Veneman, Secretary of Department of
Agriculture, Defendants—Appellees,

Stanley Sewer Association; City of
Stanley, Defendant–Intervenors—
Appellees.

No. 01–35955.

D.C. No. CV–00–00067–BLW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 4, 2003.

Decided April 11, 2003.

Before KLEINFELD and MCKEOWN,
Circuit Judges, and SHAPIRO,* District
Judge.

* The Honorable Norma L. Shapiro, Senior
United States District Judge for the Eastern
District of Pennsylvania, sitting by designa-
tion.

MEMORANDUM**

Property owners (collectively referred to as "the Fureys") appeal from summary judgment affirming the Forest Service's decision to issue a special use permit to the Stanley Sewer Association ("SSA") for the operation of a wastewater treatment plant on public land in the Sawtooth National Recreation Area ("SNRA") near Stanley, Idaho.

The Fureys' land adjoins the area over which the SSA plans to sprinkle the final product, the sewage effluent. The Fureys argue that, in reaching its decision and Finding of No Significant Environmental Impact ("FONSI"), the Forest Service (1) violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, by failing to take the required "hard look" at the environmental consequences and by making a final decision before the Environmental Assessment ("EA") was completed; (2) violated the Act establishing the SNRA ("SNRA Act"), 16 U.S.C. § 460aa, and regulations enacted pursuant to it; and (3) exceeded the 80–acre limitation for land use permits imposed by 16 U.S.C. § 497.

The Fureys argue that the environmental assessment was conducted in bad faith by outside personnel, and that the FONSI merely ratified a predetermined result. It may be that the claim is not exhausted, but even assuming that it is, we reject it. This NEPA claim fails because the record does not show that the Forest service made "any irreversible and irretrievable commitment of resources" before the FONSI. *Metcalf v. Daley,* 214 F.3d 1135, 1142 (9th Cir.2000) (internal quotation omitted).

The memorandum of understanding with SSA committed the Forest Service only to

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

assisting with the EA, not to approving the project itself, nor does the existence prior to the FONSI of a tentative schedule for implementing the project demonstrate bad faith. *See Friends of the Southeast's Future v. Morrison,* 153 F.3d 1059, 1063 (9th Cir.1998). At no time did the Forest Service's involvement in the project "compromise the government's absolute right to prevent all activity." *Id.* (internal quotation omitted).

The six-page argument section of the brief also makes extremely summary claims that the Forest Service violated the SNRA Act (16 U.S.C. § 460aa), the Forest Plan, and 16 U.S.C. § 497.

We review the Forest Service's compliance with the SNRA Act under the "arbitrary and capricious" standard. *See* 16 U.S.C. § 460aa–1; *Neighbors of Cuddy Mountain v. United States Forest Service,* 137 F.3d 1372, 1376 (9th Cir.1998). The Fureys' argument does not demonstrate, under this deferential review standard, that the Forest Service violated the Act.

The same standard applies to the issue of whether the Forest Service violated the Forest Plan, and again, the brief argument does not demonstrate arbitrary or capricious action. *See* 36 C.F.R. § 219.10 (requiring site-specific agreements to comport with the Forest Plan); *Citizens for Clean Air v. EPA,* 959 F.2d 839, 844 (9th Cir.1992) (deferring to an agency's interpretation of its own regulations).

As for the 80–acre argument, we do not have jurisdiction to consider it because it was not raised during the administrative process.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.